**MCGUIREWOODS LLP**
Alicia A. Baiardo SBN #254228
abaiardo@mcguirewoods.com
Todd J. Dressel SBN #220218
tdressel@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944

Amy Morrissey Turk (Admitted *pro hac vice*)
aturk@mcguirewoods.com
101 West Main Street, Suite 9000
Norfolk, VA 23510
Telephone: 757.640.3700

*Attorneys for Defendants*
*Wells Fargo Bank, N.A. and Wells Fargo & Co.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PENUELA and KOUSHIK CHARAN, JILL MOLARIS, MARIA SMYTHE, JESSICA WILLSHIRE, and DAYMOND WALTON individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO & CO., and DOES 1 through 5,<br><br>Defendants. | CASE NO. 4:24-cv-00766-KAW<br><br>Hon. Kandis A. Westmore<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**<br><br>Courtroom: TBD<br>Hearing Date: August 15, 2024<br>Hearing Time: 1:30 p.m.<br><br>Complaint Filed: February 8, 2024<br>FAC Filed: April 26, 2024 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENTS & AUTHORITIES ................................................................................. 2

    A. The January 10 PA Order in Not Subject to the Court's Review .............................. 2

    B. Notwithstanding, Plaintiffs Are Time-Barred from Moving to Vacate the January 10 PA Order. ............................................................................................... 5

    C. Wells Fargo Has Not Breached the Arbitration Agreements. ................................... 6

        1. Any delay in Plaintiffs' arbitration proceedings was caused by Plaintiffs and MLG, not Wells Fargo. ............................................................ 7

        2. The January 10 PA Order did not impose class or collective procedures. ........................................................................................................ 9

        3. Plaintiffs' argument that AAA is not a neutral forum is meritless .............. 12

    D. Plaintiffs Repeated Allegations Regarding Their Inability to Meet the Requirements of the January 10 PA Order Should be Ignored. .............................. 12

III. CONCLUSION .............................................................................................................. 15

-i-    CASE NO. 4:24-cv-00766-KAW
DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aerojet–General Corp. v. Am. Arb. Ass'n,*
   478 F.2d 248 (9th Cir. 1973) .................................................................................... 3

*Alers v. JPMorgan Chase Bank, N.A.,*
   No. 220CV08934FLAAGRX, 2021 WL 1306413 (C.D. Cal. Mar. 17, 2021) ........................ 5, 6

*Alexander v. Am. Arb. Ass'n,*
   No. C 01-1461-PJH, 2001 WL 868823 (N.D. Cal. July 27, 2001) ............................................ 6

*Bennett v. Burton,*
   No. 2:21-cv-1340 WBS KJN P, 2023 U.S. Dist. LEXIS 67715 (E.D. Cal. Apr. 18, 2023) .................................................................................................................. 13

*Berland v. Conclave, LLC,*
   No. 20-CV-00922-H-WVG, 2021 WL 461727 (S.D. Cal. Feb. 9, 2021) ................... 3

*Cristo v. Charles Schwab Corp.,*
   No. 17-CV-1843-GPC-MDD, 2021 WL 2633624 (S.D. Cal. June 25, 2021) ........................ 3, 4

*Evox Prods. v. Verizon Media,*
   No. CV 20-2852-CBM-(JEMx), 2021 U.S. Dist. LEXIS 151460 (C.D. Cal. May 5, 2021) ........................................................................................................................ 13

*Hyosung (America) Inc. v. Tranax Tech., Inc.,*
   No. C 10-0793, 2010 WL 1853764 (N.D. Cal. May 6, 2010) .................................. 3

*ITN Flix, LLC v. Trejo,*
   850 F. App'x 589 (9th Cir. 2021) ............................................................................... 5

*Mosley v. Wells Fargo & Co.,*
   No. 23-55478, 2024 WL 977674 (9th Cir. Mar. 7, 2024) ................................ passim

*Mosley v. Wells Fargo & Co.,*
   No. 3:22-cv-01976-DMS-AGS (S.D. Cal. filed Dec. 13, 2022) ........................ passim

*Sander v. Weyerhaeuser Co.,*
   966 F.2d 501 (9th Cir. 1992) ...................................................................................... 6

*Schooley v. Option One Mortgage Corp.,*
   No. 5:21-CV-219, 2023 WL 3483353 (N.D. Fla. Mar. 24, 2023) ........................... 14

*Sgromo v. Scott,*
   No. 22-15199, 2023 WL 4703333 (9th Cir. July 24, 2023) ....................................... 5

*Sheet Metal Workers Int'l Ass'n, Local Union 150 v. Air Sys. Eng'g, Inc.,*
   831 F.2d 1509 (9th Cir. 1987) .................................................................................... 6

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Shivkov v. Artex Risk Solutions, Inc.*,
   974 F.3d 1051 (9th Cir. 2020) ............................................................................. 10, 11

*Shu v. Hutt*,
   No. 19-CV-06969-JCS, 2020 WL 13517233 (N.D. Cal. Apr. 27, 2020) ................... 5

*Stevens v. Jiffy Lube Int'l, Inc.*,
   911 F.3d 1249 (9th Cir. 2018) ..................................................................................... 5

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662 (2010) ............................................................................................ 10, 11

*In re Sussex*,
   781 F.3d 1065 (9th Cir. 2015) ........................................................................... 2, 3, 10

*Van Heel v. GCA Educ. Servs.*,
   No. 2:20-cv-01505-AB-JEM, 2020 U.S. Dist. LEXIS 210925 (C.D. Cal. Sep. 30, 2020) ................................................................................................................... 13, 14

*Wachovia Sec., LLC v. Wiegand*,
   No. 07CV243 IEG (BLM), 2007 WL 9776732 (S.D. Cal. Apr. 16, 2007) ................ 6

**Statutes**

9 U.S.C. § 12 ................................................................................................................. 5, 6

Federal Arbitration Act §§ 3, 10, 11, and 12 ..................................................... 1, 5, 6, 14

**Other Authorities**

Federal Rules of Civil Procedure Rule 6(a) ...................................................................... 5

I.  **INTRODUCTION**

Plaintiffs' opposition is just another attempt to avoid the Process Arbitrator's determinations on procedural matters. The Ninth Circuit has already ruled that the Process Arbitrator's procedural orders within McCune Law Group's ("MLG") mass arbitration are not subject to judicial review. Plaintiffs do not cite a single case in support of their position that the Process Arbitrator's order entered on January 10, 2024 ("January 10 PA Order")—which dismissed Plaintiffs' claims ***without prejudice*** to refiling—requires a different analysis than the Ninth Circuit's analysis of the order entered by the Process Arbitrator on October 27, 2022 ("October 27 PA Order") in *Mosley*. *Mosley v. Wells Fargo & Co.*, No. 23-55478, 2024 WL 977674, at *1 (9th Cir. Mar. 7, 2024) [hereinafter the "*Mosley Appellate Order*"]. But even if the Court chose to review the January 10 PA Order, Plaintiffs never moved to vacate or modify the order under the Federal Arbitration Act ("FAA") and are now time barred from doing. Because the FAA provides the exclusive remedy for challenging an arbitration order, Plaintiffs' request for the Court to disregard the January 10 PA Order is an improper collateral attack that must be denied.

Plaintiffs' arguments that they should be able to avoid arbitration due to Wells Fargo & Company and Wells Fargo Bank, N.A.'s (together, "Wells Fargo") purported breach of provisions in Plaintiffs' Wells Fargo Deposit Account Agreement requiring arbitration disputes between the parties ("Arbitration Agreements") fare no better. First, the Ninth Circuit already determined that Wells Fargo did not breach its arbitration agreements with claimants within MLG's mass arbitration (including Plaintiffs) based on substantially similar arguments made in *Mosley* that the *Mosley* Plaintiffs likewise had been denied a purportedly promised arbitral forum and hollow arguments that somehow the Process Arbitrator's decisions were some form of collective action. *Mosley Appellate Order*, 2024 WL 977674, at *1. Second, any alleged delay in Plaintiffs' arbitrations was caused by Plaintiffs, not Wells Fargo. Third, the January 10 PA Order did not create class or collective procedures, and Plaintiffs cannot impute the Process Arbitrator's rulings onto Wells Fargo such that Wells Fargo would be in breach of Plaintiffs' Arbitration Agreements. Fourth, Plaintiffs fail to establish (or even allege) that the Process Arbitrator was biased in favor of Wells Fargo. Rather, Plaintiffs make general arguments about American Arbitration Association ("AAA") and

its alleged affiliation with Mayer Brown LLP, a law firm not involved in this case. Plaintiffs' allegations and arguments in their opposition fail to establish that AAA is not a neutral forum, let alone that Wells Fargo's designation of AAA as the arbitral forum in Plaintiffs' Arbitration Agreements resulted in a breach of those agreements by Wells Fargo.

Finally, Plaintiffs' contention that they need documentation from Wells Fargo to meet the January 10 PA Order's "pleading standard" is unfounded. Not only must the issue be heard in arbitration, but it is unsupported by the PA Order itself. As the Process Arbitrator found time and time again, Plaintiffs' counsel must conduct their own due diligence into their client's claims and cannot bring a claim to manufacture an opportunity for discovery to find a claim. It is well-established that this is not permitted. The facts establish that the January 10 PA Order's requirements can be met by conducting a cursory review of Plaintiffs' individual bank statements—as MLG has done in other contexts, like these federal filings. Plaintiffs have not asserted that they do not have access to their bank statements to conduct such a review. Rather, Plaintiffs—and, more directly, MLG—do not want to conduct the diligence required to meet the requirements set forth in the January 10 PA Order. That is not a reason to invalidate the parties' valid Arbitration Agreements.

The Ninth Circuit has already held that the Process Arbitrator's procedural orders are not subject to judicial review and that Wells Fargo did not act improperly or otherwise breach the arbitration agreements through its actions in the mass arbitration proceeding. This Court should follow suit and compel Plaintiffs to arbitration.

## II.     ARGUMENTS & AUTHORITIES

### A.     The January 10 PA Order in Not Subject to the Court's Review.

Plaintiffs attempt to avoid the Ninth Circuit's decision affirming the *Mosley DC Order* by arguing the Process Arbitrator's January 10 PA Order dismissing their claims *without prejudice to re-filing* somehow amounts to a "final and binding order" that requires a different judicial review here. Not so.

Under Ninth Circuit law, "a district court's authority is generally limited to decisions that bookend the arbitration itself." *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015). "[T]o permit

what is in effect an appeal of an interlocutory ruling of the arbitrator would frustrate" the purpose of arbitration. *Id.* at 1072-73, 1075 (9th Cir. 2015) (holding no grounds to "justify a mid-arbitration intervention, regardless of the size and early stage of the arbitration"). As a result, "judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases." *Cristo v. Charles Schwab Corp.*, No. 17-CV-1843-GPC-MDD, 2021 WL 2633624, at *3 (S.D. Cal. June 25, 2021) (quoting *Aerojet–General Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)).[1] In fact, "[w]hile refraining from issuing a blanket rule precluding intervention in an ongoing arbitration, [the Ninth Circuit] came quite close in *Aerojet–General*, and [has] never subsequently approved of such an intervention." *In re Sussex*, 781 F.3d at 1073.

In *Mosley*, both the District Court and Ninth Circuit determined that the October 27 PA Order requiring MLG provide basic information regarding claimants' allegations prior to moving forward with individual merit arbitrations was not subject to judicial review. *See Mosley v. Wells Fargo & Co.*, No. 22-CV-01976-DMS-AGS, 2023 WL 3185790, at *3-4 (S.D. Cal. May 1, 2023), *aff'd*, No. 23-55478, 2024 WL 977674 (9th Cir. Mar. 7, 2024) [hereinafter, the "*Mosley DC Order*"]; *see also Mosley Appellate Order*, 2024 WL 977674, at *1-2. Specifically, the Ninth Circuit held that because "[n]o Claimant ha[d] yet won or lost a claim against Wells Fargo" and "an arbitration award had not been given," the "[October 27] PA Order is not a final order that invites judicial review." *Mosley Appellate Order*, 2024 WL 977674, at *1.

The same analysis applied by the Ninth Circuit to the October 27 PA Order applies to the January 10 PA Order. The January 10 PA Order was only entered after: (1) MLG failed to provide (or admitted it could never provide) the basic information required by the October 27 PA Order by

---

[1] Courts within the Ninth Circuit have held that a non-final award is subject to judicial review in only two "extreme" circumstances: (i) when the order fully disposes of at least one claim in the dispute such that confirmation of a partial award will not affect any further proceedings before the arbitrator; or (ii) when the order preserves assets or performance needed to make a potential final award meaningful. *See Hyosung (America) Inc. v. Tranax Tech., Inc.*, No. C 10-0793, 2010 WL 1853764, at *2-3 (N.D. Cal. May 6, 2010); *Berland v. Conclave, LLC*, No. 20-CV-00922-H-WVG, 2021 WL 461727, at *5-8 (S.D. Cal. Feb. 9, 2021). Plaintiffs do not (and cannot) contend that the January 10 PA Order falls within the either category. Accordingly, they have waived the argument. *See Mosley Appellate Order*, 2024 WL 977674, at *2.

the date set forth therein, and (2) MLG wanted to amend certain demands (including Plaintiffs') to assert new claims. Dkt. No. 21 ("Baiardo Decl.") at ¶ 41, Ex. 58. The January 10 PA Order then states the requirements necessary for claimants (including Plaintiffs) to re-file their demands to include new claims and move forward with their individual merit arbitration before AAA. *Id.* Thus, like the *Mosley* Plaintiffs, Plaintiffs here have not won or lost their claims against Wells Fargo, and the Process Arbitrator has not issued an arbitration award. Rather, Plaintiffs are free to re-file their demands consistent with the requirements of the January 10 PA Order, the same requirement included in the October 27 PA Order but relating to the new claims MLG sought to assert on behalf of Plaintiffs. As a result, the January 10 PA Order is also a non-final order not subject to judicial review. *See Mosley Appellate Order*, 2024 WL 977674, at *1-2; *see also Cristo*, 2021 WL 2633624, at *3 (denying request to intervene in pending arbitration when the plaintiff "[a]t most [] disagree[d] with a number of procedural decisions concerning the arbitration" as these are "not subject to judicial scrutiny during the arbitration").

Plaintiffs argue—without a single substantive case supporting their position—that the January 10 PA Order is subject to judicial review because it purportedly dismissed Plaintiffs' claims. Dkt. No. 23 ("Opp.") at 14. But Plaintiffs ignore the fact that the order dismissed Plaintiffs' claims **without prejudice**. Baiardo Decl. at ¶ 41, Ex. 58.[2] There is nothing stopping Plaintiffs from refiling their demands and proceeding to their individual merit arbitrations. Indeed, the Process Arbitrator explicitly stated the basic information Plaintiffs must provide to comply with the AAA filing requirements. Plaintiffs' and MLG's refusal to meet the Process Arbitrator's filing

---

[2] Plaintiffs also claim that the January 10 PA Order states that Plaintiffs' demands "could only be refiled if they were limited to 'qualifying Regulation E transactions.'" Opp. at 14. This is inaccurate. In fact, the phrase "qualifying Regulation E transactions" is not in the January 10 PA Order. *See* Baiardo Decl. at ¶ 41, Ex. 58. To the contrary, the January 10 PA Order states that claimants "have the right to sue [Wells Fargo] for imposing other allegedly unlawful fees, in addition to those in violation of Regulation E." *Id.* The order simply requires that "before any refiled cases alleging one or more violations of any of the other six statutory violations" set forth in Plaintiffs' Renewed Motion to Amend, filed on December 1, 2024, "each claim must specifically plead l) each Claimant's Wells Fargo account number or numbers for the account or accounts at issue, 2) the statute or statutes that Respondents violated and 3) facts sufficient to establish the violation of each of those statutes concerning that Claimant." *Id.*

requirements does not convert the January 10 PA Order from a non-final order to a final and binding order subject to judicial review. Accordingly, there is no jurisdiction to review the January 10 PA Order, and Plaintiffs must be compelled to arbitration if the case is not otherwise dismissed on first-filed grounds.

### B. Notwithstanding, Plaintiffs Are Time-Barred from Moving to Vacate the January 10 PA Order.

Even assuming the January 10 PA Order is subject to judicial review which Wells Fargo disputes, Plaintiffs are time barred from seeking to modify or vacate it. The FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see also Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251-52 (9th Cir. 2018) (applying Rule 6(a) of the Federal Rules of Civil Procedure to calculate time). 9 U.S.C.A. § 12. The Process Arbitrator's order was delivered on January 10, 2024. Baiardo Decl. at ¶ 41, Ex. 58. Plaintiffs were required to move to vacate or modify the January 10 PA Order by April 10, 2024. To date, Plaintiffs have not moved, pursuant to the FAA, to vacate or modify the January 10 PA Order. As a result, Plaintiffs are now time barred from doing so. *See, e.g., Sgromo v. Scott*, No. 22-15199, 2023 WL 4703333, at *1 (9th Cir. July 24, 2023) ("The district court properly denied [cross-Petitioner's] motion to vacate the arbitration award because the motion was time-barred."); *ITN Flix, LLC v. Trejo*, 850 F. App'x 589 (9th Cir. 2021) ("We agree with the district court that [Petitioner's] petition to vacate the arbitration award was untimely because [Petitioner] failed to serve [Respondent] or his counsel with notice of the petition within three months after the final arbitration award was delivered."); *Shu v. Hutt*, No. 19-CV-06969-JCS, 2020 WL 13517233, at *5 (N.D. Cal. Apr. 27, 2020) (denying motion to vacate arbitration award as untimely when plaintiff failed to file motion to vacate or modify award within three months).

Because Plaintiffs are time barred from moving to vacate or modify the January 10 PA Order, they cannot attack the order. The ***exclusive*** remedy for challenging an arbitration award is a motion to vacate, modify, or correct the award under the FAA. *Alers v. JPMorgan Chase Bank, N.A.*, No. 220CV08934FLAAGRX, 2021 WL 1306413, at *5 (C.D. Cal. Mar. 17, 2021), *aff'd sub*

*nom. Alers v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 21-55325, 2021 WL 5860888 (9th Cir. Dec. 10, 2021) (citing *Wachovia Sec., LLC v. Wiegand*, No. 07CV243 IEG (BLM), 2007 WL 9776732, at *4 (S.D. Cal. Apr. 16, 2007); *see also Alexander v. Am. Arb. Ass'n*, No. C 01-1461-PJH, 2001 WL 868823, at *4 (N.D. Cal. July 27, 2001) (citing *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982)). "Sections 10, 11, and 12 of the FAA limit the scope of review by which parties may obtain judicial review of the arbitration proceedings or bring an action to set aside the arbitration award." *Alexander*, 2001 WL 868823, at *4. "A party may not otherwise collaterally attack the award in a subsequent proceeding." *Wiegand*, 2007 WL 9776732, at *4 (citing *Sander v. Weyerhaeuser Co.*, 966 F.2d 501, 503 (9th Cir. 1992) ("This court has been extremely unwilling to upset the streamlined nature of arbitration by permitting the launching of collateral attacks.")).

The Ninth Circuit has explicitly held that a party cannot avoid the time limitation set forth in Section 12 of the FAA under "the guise of an independent suit." *Sander*, 966 F.2d at 503. "The three-month limitation is meaningless if a party to the arbitration proceedings may bring an independent direct action asserting such claims outside of the statutory time period." *Id.* (quoting *Corey*, 691 F.2d at 1213); *see also Sheet Metal Workers Int'l Ass'n, Local Union 150 v. Air Sys. Eng'g, Inc.*, 831 F.2d 1509, 1514 (9th Cir. 1987) (holding statute of limitations was a bar where employer "purports to challenge the award, but did not move to vacate it"). That is precisely what Plaintiffs attempt to do here. Accordingly, because Plaintiffs are time barred from moving to vacate or modify the January 10 PA Order, they must be compelled to arbitration.

### C. Wells Fargo Has Not Breached the Arbitration Agreements.

Plaintiffs argue that Wells Fargo has breached their Arbitration Agreements in three ways: (1) by purportedly failing to provide Plaintiffs the quick or streamlined arbitration promised; (2) by the Process Arbitrator dismissing Plaintiffs' arbitrations on what Plaintiffs describe as "collective procedures"; and (3) by purportedly not giving Plaintiffs the neutral arbitrator promised in their Arbitration Agreements. Opp. at 15-22. The Ninth Circuit has already held that Wells Fargo has not breached its arbitration agreements with MLG's claimants (including Plaintiffs) based on its conduct within MLG's mass arbitration:

> ***Wells Fargo did not act improperly or otherwise breach the agreement***. In fact, Wells Fargo simply sought information establishing that each Claimant had a legitimate dispute with them. Wells Fargo complied with the Arbitration Agreement and paid more than half a million dollars in arbitration fees over several months of arbitration before Claimants filed their case in federal court.

*Mosley Appellate Order*, 2024 WL 977674, at *2 (emph. added). To the extent the Ninth Circuit's ruling does not foreclose Plaintiffs' argument, Wells Fargo addresses below why each of Plaintiffs' arguments lack merit.

### 1. Any delay in Plaintiffs' arbitration proceedings was caused by Plaintiffs and MLG, not Wells Fargo.

Plaintiffs argue that Wells Fargo breached their Arbitration Agreements because Plaintiffs "did not receive the 'quick' or 'streamlined' arbitration" promised. Opp. at 16-17.[3] In support of their argument, Plaintiffs state that after the Process Arbitrator entered the October 27 PA Order, "no further action was taken on the matter until June 2023 when the Process Arbitrator amended the original October 27, 2022 Order." *Id.* Plaintiffs further state that "no stay had been issued while *Mosley* was appealed, but Claimants waited another several months in any event," and then "Claimants waited another five months until the Process Arbitration [sic] dismissed their claims in her follow-up order."

Plaintiffs' argument ignores the facts of this dispute. After Plaintiffs filed their demands, Wells Fargo sought relief from the Process Arbitrator based on MLG's failure to provide basic information necessary for Wells Fargo to defend the claims and because it was clear that MLG had not vetted claimants' demands before filing them. Baiardo Decl. ¶¶ 8-13, Exs. 16, 19. The Process Arbitrator partially granted Wells Fargo's request for relief in the October 27 PA Order. *Id.* at ¶ 16,

---

[3] MLG made this argument in *Mosley*. *See Mosley v. Wells Fargo & Co.*, No. 3:22-cv-01976-DMS-AGS (S.D. Cal. filed Dec. 13, 2022), at Dkt. No. 1 ("*Mosley* Complaint") at ¶ 86 ("Wells Fargo promised plaintiffs they would have a quick and efficient means of resolving their claims. But in practice, Wells Fargo has demonstrated there will be no quick or efficient resolution."); *see also* Br. of Appellants at 11, *Mosley, et al. v. Wells Fargo Bank, N.A., et al.*, No. 23-55478 (9th Cir. June 23, 2023) ("*Mosley* Appellant's Brief"). Neither the district court nor the Ninth Circuit found it persuasive.

Ex. 22. Thereafter, any claimant who submitted an amended demand meeting the requirements of that order could have moved forward with their individual merit arbitration. But rather than abide by the October 27 PA Order by submitting amended demands that met its requirements, MLG sought to circumvent the October 27 PA Order by filing a complaint in federal court seeking to have it overturned. *Mosley* at Dkt No. 1 ("*Mosley* Complaint"); *Id.* at ¶ 23. In fact, Wells Fargo specifically requested that AAA move forward with the mass arbitration given that the *Mosley* Complaint only impacted four claimants. *Id.* at ¶ 24, Ex. 35. AAA declined, stating that it would wait for direction from the court as to how the mass arbitration should proceed. *Id.* at ¶ 24, Ex. 37.

After the district court entered the *Mosley DC Order* on May 1, 2023 (and because there was no stay while MLG's appeal to the Ninth Circuit was pending), the mass arbitration continued. *Id.* at ¶¶ 26-28, Exs. 38, 39, 40. On June 14, 2023—because MLG had failed to comply with the October 27 PA Order—the Process Arbitrator entered an order on June 14, 2023 (the "June 14 PA Order"), which set forth dates for which MLG and claimants (including Plaintiffs) were required to comply with the October 27 PA Order. *Id.* at ¶ 28, Ex. 40. Rather than abide by the deadlines set forth in the June 14 PA Order, MLG initially sought to circumvent the Process Arbitrator's rulings by improperly seeking to amend claimants' demands. *Id.* at ¶ 29, 30, Exs. 41-44. When MLG finally attempted to comply with the October 27 PA Order by the June 14 PA Order's deadlines, it failed to do so clearly, which required additional briefing. *Id.* at ¶¶ 31-36, Exs. 45-53. The Process Arbitrator then entered an order on November 10, 2023 ("November 10 PA Order"), which permitted MLG to file a renewed Motion to Amend. *Id.* at ¶ 37, Ex. 54. MLG then filed the Renewed Motion to Amend on December 1, 2023 (the "Renewed Motion to Amend"). *Id.* at ¶ 38, Ex. 55. After full briefing, the Process Arbitrator entered the January 10 PA Order. *Id.* at ¶¶ 39-41, Exs. 56-58.

Thus, any delay in Plaintiffs' arbitration proceedings is due to Plaintiffs' own failures to abide by the Process Arbitrator's ruling, not due to any act of Wells Fargo. At any time after the Process Arbitrator entered the October 27 PA Order, Plaintiffs (and any claimant) could have moved forward with their individual merit arbitrations by submitting an amended demand meeting the order's requirements. Indeed, Plaintiffs can still move forward with their original Regulation E

claim or any claim "alleging one or more violations of any of the other six statutory violations" set forth in the Renewed Motion to Amend as long as the demand meets the requirements of the January 10 PA Order. Accordingly, Plaintiffs' argument that Wells Fargo breached the Arbitration Agreements based on Plaintiffs not receiving a "quick" or "streamlined" arbitration is wrong.

### 2. The January 10 PA Order did not impose class or collective procedures.

Plaintiffs next argue that Wells Fargo breached their Arbitration Agreements because in entering the January 10 PA Order, the Process Arbitrator dismissed Plaintiffs' claims "based on collective procedures."[4] Opp. at 17-19.[5] As an initial matter, the Process Arbitrator—not Wells Fargo—entered the January 10 PA Order. Baiardo Decl. ¶ 41, Ex. 58. Plaintiffs admit that it was the Process Arbitrator who allegedly adopted class-wide procedures. Opp. at 17 ("Particularly troublesome here is that the Process Arbitrator adopted class-wide procedures …"). As a result, there is no basis to argue that the **Process Arbitrator's** decisions resulted in **Wells Fargo's** breach of the Arbitration Agreements. Plaintiffs' argument fails on this basis alone.

Yet even assuming Wells Fargo could breach Plaintiffs' Arbitration Agreements based on the Process Arbitrator's actions, Plaintiffs' argument is meritless. The January 10 PA Order does not create collective or class procedures. Rather, the January 10 PA Order simply addresses filing requirements for demands submitted as part of MLG's mass arbitration—pursuant to AAA's Supplementary Rules for Multiple Case Filings (the "Supplementary Rules")—and provides requirements that Plaintiffs must meet in order to refile their demands and move forward with their individual merit arbitrations. Baiardo Decl. ¶ 41, Ex. 58. The order requires that claimants (including Plaintiffs) who wish to refile a demand each submit a claim that includes "**each**

---

[4] Notably, in filing the Motion to Amend, MLG sought to "**collectively**" amend claimants (including Plaintiffs') claims. Baiardo Decl. ¶ 29, Ex. 41 (emph. added). It is perplexing that MLG and Plaintiffs now argue that it was Wells Fargo who sought to impose collective procedures within the mass arbitration, when it was actually them that improperly sought collective relief.

[5] MLG also made this argument in *Mosley*. See Baiardo Decl. ¶ 45 (citing *Mosley* Complaint ¶ 87 ("Wells Fargo has since strategically sought and imposed collective arbitration procedures upon Plaintiffs in violation of the arbitration agreement.") and *Mosley* Appellant's Brief at 9; *Mosley* at Dkt. No. 25 ("*Mosley* Opp'n to MTC") at 7, 11). Neither the district court nor the Ninth Circuit found it persuasive.

*Claimant's* Wells Fargo account number," the statute or statutes that Wells Fargo allegedly violated as to that claimant, and "facts sufficient to establish the violation of each of those statutes *concerning that Claimant*." *Id.* at ¶ 41, Ex. 58 (emph. added). The January 10 PA Order requires only the most basic statement of relevant facts from each claimant prior to them moving forward with their individual merit arbitration. Indeed, claimants who abided by the October 27 PA Order have begun moving forward with their individual merit arbitrations. *Id.* at ¶ 44. As soon as Plaintiffs (or any other claimants) meet the January 10 PA Order's requirements, their claims may move forward in individual merit arbitrations as well.

Additionally, Plaintiffs' exclusive reliance on *Shivkov v. Artex Risk Solutions, Inc.,* 974 F.3d 1051, 1067-68 (9th Cir. 2020) and *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 668–70 (2010) is misguided. *See* Opp. at 17-19.[6] Neither case supports Plaintiffs' argument that the Court should intervene in their arbitrations with Wells Fargo.

Contrary to Plaintiffs' suggestion, *Shivkov* is inapposite. The question presented there concerned the availability of class arbitration and found that is "a gateway question for a court to presumptively decide." 974 F.3d at 1065. *Shivkov* began as a putative class action in court. *Id.* at 1058. The district court sent the case to arbitration, and as part of its threshold ruling, it ordered the arbitration to occur on an individual basis. *Id.* The Ninth Circuit affirmed, holding that the district court, as part of considering the threshold motion to compel, properly ruled that the arbitration should be individual, not class, arbitration. *Shivkov* said nothing suggesting that a district court should intervene mid-arbitration to comment on supposed class procedures. Nor did *Shivkov* say that an arbitrator's order could result in the breach of an arbitration agreement by the respondent. Indeed, *Shivkov* did not need to, and did not, question the basic rule that courts address arbitration issues "at the beginning or the end, but not in the middle," of arbitration. *Sussex*, 781 F.3d at 1073. Accordingly, *Shivkov* does not apply and does not support Plaintiffs' argument that Wells Fargo breached Plaintiffs' Arbitration Agreements.

---

[6] MLG relied on these same cases in *Mosley* while making this identical argument to the Ninth Circuit regarding the Process Arbitrator's October 27 PA Order. *Mosley* Appellant's Brief at 32-35. The Ninth Circuit found the argument unpersuasive.

|   |   |
|---|---|
| 1 | Similarly, *Stolt-Nielsen* began as a putative class action in court. 559 U.S. at 667. Eventually, the parties made a *separate* agreement to arbitrate whether class arbitration was proper under their original contract. After arbitrating the issue through to a stand-alone "partial final award," the arbitrators stayed the proceeding to facilitate judicial review. One of the parties then petitioned to vacate the arbitrator's award on the ground that it exceeded the arbitrator's power and was issued "in 'manifest disregard' of the law." *Id.* at 669 (citing 9 U.S.C. § 10(a)(4)). The Supreme Court ultimately held petitioners to a "high hurdle" but found that the arbitration panel exceeded its powers. *Id.* at 671-72. This case is nothing like *Stolt-Nielsen*. Here, there is no separate agreement about class arbitration, no stand-alone arbitration "partial final award," no agreed stay of arbitration, no concurrence from the arbitrators to allow immediate review, and—most importantly—no petition to vacate the award under the FAA's high standard. Instead, this is a new case where Plaintiffs have re-filed in court the same claims that Plaintiffs have already admitted must be heard in arbitration pursuant to their Arbitration Agreements. Moreover, Plaintiffs do not seek to vacate any arbitration award. Rather, they assert that Wells Fargo somehow breached their Arbitration Agreements based on the Process Arbitrator's entry of the January 10 PA Order. *Stolt-Nielsen* does not support Plaintiffs' argument. |

Finally, this case is further distinguishable from *Stolt-Nielsen* and *Shivkov* because the Process Arbitrator's ability to rule on administrative issues regarding MLG's mass arbitration was agreed upon by MLG and Plaintiffs. Baiardo Decl. ¶¶ 4-6, Ex. 12.  In fact, MLG *asked* AAA to apply its Supplementary Rules. *Id.* at ¶ 4, Ex. 10 ("we request that all of these cases be consolidated and otherwise subject to AAA's Supplementary Rules for Multiple Case Filings"). The Supplementary Rules specify that they exist "to streamline the administration of large volume filings" and to provide "an efficient and economical path toward the resolution of multiple individual disputes." *Id.* at Ex. 9. In turn, the Supplementary Rules called for the appointment of the Process Arbitrator, who later issued the January 10 PA Order. After requesting the Supplementary Rules framework, and submitting to the Process Arbitrator within that framework, Plaintiffs cannot now complain about the procedure the Process Arbitrator settled on.

### 3. Plaintiffs' argument that AAA is not a neutral forum is meritless.

Plaintiffs argue that Wells Fargo breached their Arbitration Agreements by failing to provide them a neutral forum. Opp. at 19-22. Plaintiffs, however, do not argue that the Process Arbitrator—the individual who entered the January 10 PA Order—was biased towards Wells Fargo and/or against Plaintiffs. This failure alone forecloses Plaintiffs' argument. *See* Dkt. No. 20 ("Mot. to Compel") at 22 (collecting cases). Instead of alleging partiality by the Process Arbitrator (because Plaintiffs know that no such partiality exists), Plaintiffs make general arguments about AAA and its alleged affiliation with Mayer Brown LLP, a law firm not involved in this case. Opp. at 20-22. Notably, Plaintiffs fail to cite to a single case supporting their position. *See id.* at 19-22. Plaintiffs' allegations fail to establish that AAA is not a neutral forum. *See* Mot. to Compel at 21-25. Plaintiffs' allegations also fail to establish that the designation of AAA as the arbitral forum in Plaintiffs' Arbitration Agreements resulted in a breach of those agreements by Wells Fargo. *See id.* Plaintiffs' bald, baseless assertions of AAA bias not only should be disregarded but show the desperate attempts Plaintiffs (and MLG) will go to avoid their obligations under their Arbitration Agreements. Plaintiffs should be compelled to arbitration.

### D. Plaintiffs Repeated Allegations Regarding Their Inability to Meet the Requirements of the January 10 PA Order Should be Ignored.

Plaintiffs also allege that they and other claimants within the mass arbitration "needed documentation from Wells Fargo in order to meet the Process Arbitrator's pleading standard." Opp. at 7.[7] As a threshold matter, this issue must be decided in arbitration. *See Mosley Appellate Order*, 2024 WL 977674, at *3 (holding that pursuant to Plaintiffs' Arbitration Agreements, all disputes must be heard in arbitration). Indeed, issues relating to discovery prior to amendment of claims are currently being disputed in the individual merit arbitrations that have moved forward within MLG's mass arbitration. Nonetheless, Plaintiffs' argument that it needs documentation from Wells Fargo prior to meeting the basic pleading requirements of the January 10 PA Order is meritless.

---

[7] MLG yet again made this argument in *Mosley*. *Mosley* Compl. ¶ 8. *Mosley* Opp'n to MTC at 24. Neither the district court nor the Ninth Circuit found it persuasive.

Plaintiffs (and all claimants) filed demands asserting a Regulation E claim against Wells Fargo. Baiardo Decl. ¶ 3, Exs. 2-7. Because there was evidence that MLG did not properly vet claimants' allegations prior to filing demands on their behalf, the October 27 PA Order required MLG to provide basic information supporting claimants' claims prior to them moving forward to individual merit arbitrations. Mot. to Compel at 5-6. In attempting to comply with the Process Arbitrator's October 27 PA Order, MLG's failure to vet its' clients claims became clear. MLG admitted that 1,635 of the 3,985 Claimants (41.5%) never had a basis to assert a Regulation E claim against Wells Fargo, and that MLG was unable to confirm even the most basic information, such as their client's Wells Fargo account number. *See id.* at 9-13; *see also* Baiardo Decl. ¶¶ 31-35. As noted above, similar to the October 27 PA Order, the January 10 PA Order only requires claimants whose claims were dismissed *without* prejudice (including Plaintiffs) to provide: l) their Wells Fargo account number(s) for the account(s) at issue; 2) the statute(s) Plaintiffs allege Wells Fargo violated; and 3) facts sufficient to establish the violation of each of those statutes concerning that particular Plaintiff. Baiardo Decl. ¶ 41, Ex. 58. Plaintiffs' claim that they need information from Wells Fargo to garner this basic information is absurd.

The Process Arbitrator, however, already found and well-established case law confirms, Claimants must know whether they have a dispute with Wells Fargo **before they submit a demand**. They may not manufacture a claim in order to generate an opportunity for discovery. *Bennett v. Burton*, No. 2:21-cv-1340 WBS KJN P, 2023 U.S. Dist. LEXIS 67715, at *18 (E.D. Cal. Apr. 18, 2023) ("[F]air notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expedition on matters for which they bear the burden of proof at trial.") (citation omitted); *Evox Prods. v. Verizon Media*, No. CV 20-2852-CBM-(JEMx), 2021 U.S. Dist. LEXIS 151460, at *8 (C.D. Cal. May 5, 2021) (holding that the plaintiff "cannot use discovery as fishing expedition in order to support conclusory claims"); *Van Heel v. GCA Educ. Servs.*, No. 2:20-cv-01505-AB-JEM, 2020 U.S. Dist. LEXIS 210925, at *9 (C.D. Cal. Sep. 30, 2020) ("[T]he court reminds Plaintiff that he cannot use discovery as a fishing expedition to find facts that may give credence to an unartfully pled complaint. The pleading requirement does not provide a key to 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions'; a

complaint must be plausible on its face.") (citations omitted). Plaintiffs' assertion that they need information from Wells Fargo in order to provide the most basic information supporting their claims establishes their clear intent to manufacture claims that may or may not exist. This is not permitted under well-established law and should not be permitted here.

Additionally, rather than gather information from their clients and submit demands meeting the January 10 PA Order's requirements, Plaintiffs make unsupported allegations that "[w]hile some Claimants had access to [their monthly statements], most did not." *Id.* Plaintiffs, however, have not asserted that **they themselves** do not have access to their bank accounts. Nor do Plaintiffs provide any evidence supporting their allegation that "most" claimants do not have access to their bank statements. This argument is not based in fact and should be disregarded in its entirety.[8]

Accordingly, Plaintiffs' allegation that they need information from Wells Fargo in order to meet the January 10 PA Order's requirements is unsupported in fact and law and not an issue for the Court in enforcing the arbitration agreement.

---

[8] Plaintiffs continue their unsupported argument that Wells Fargo has repeatedly refused to provide Plaintiffs with their account statements and account data. Opp. at fn 4. As they acknowledge, the Process Arbitrator already determined that was an issue for the merits arbitrator. Opp. at 7. Further, the Consumer Financial Protection Act, upon which they rely, does not provide a private cause of action on behalf of customers—only the Consumer Financial Protection Bureau ("CFPB") may enforce its provisions. *See e.g., Schooley v. Option One Mortgage Corp.*, No. 5:21-CV-219, 2023 WL 3483353, at *2 (N.D. Fla. Mar. 24, 2023), report and recommendation adopted, No. 5:21-CV-219, 2023 WL 3483301 (N.D. Fla. May 16, 2023) ("Congress has not authorized private actions for violations of the CFPA."). This is simply a red herring raised by Plaintiffs to deflect the Court from their own failure to investigate **whether** they have an actual dispute with Wells Fargo **before** they filed their demand – the exact reason the Process Arbitrator got involved in the first place.

### III. CONCLUSION

Wells Fargo respectfully requests that the Court grant its Motion to Compel Arbitration pursuant to Section 3 of the FAA, stay the instant proceedings pending completion of each Plaintiffs' arbitrations, on an individual basis, with Wells Fargo, or in the alternative dismiss this case without prejudice.

DATED: July 16, 2024

**MCGUIREWOODS LLP**

By: */s/ Alicia A. Baiardo*
Alicia A. Baiardo
Amy Morrissey Turk *(pro hac vice)*
Todd J. Dressel

Attorneys for Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2024 I electronically filed the foregoing document entitled **DEFENDANTS' REPLY IN SUPPORT OF MOTION ITS TO COMPEL ARBITRATION** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

/s/ Alicia A. Baiardo
Alicia A. Baiardo